UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYCLE & MARINE LAND, INC.,

    Plaintiff,

v.                                                                                        Case No. 07-14114
                                                                                  Hon. Sean F. Cox

POLARIS SALES, INC.,

    Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Compel Arbitration and Stay or Dismiss the Action; and Plaintiff's Motion to Remand. Both parties have briefed the issues. The Court declines to hear oral argument pursuant to E.D.Mich. LR 7.1. For the following reasons, the Court **GRANTS** Defendant's Motion to compel arbitration and stay or dismiss the action; and **DENIES** Plaintiff's Motion for remand. Plaintiff's action is **DISMISSED**.

### I.    BACKGROUND

This action arises out of Plaintiff's voluntary termination of a dealer agreement with Defendant. On June 12, 2006, Plaintiff entered into a Dealer Agreement with Defendant to be an authorized dealer of snowmobiles manufactured by Defendant. The Dealer Agreement includes an arbitration clause:

> a. <u>Place of Arbitration and Applicable Rules</u>. All disputes, controversies, and claims arising out of, or in connection with, the execution, interpretation, performance, nonperformance, or breach of this Agreement (including without limitation the validity, scope, enforceability, and voidability under any statute,

1

> regulation, ordinance, or ruling), or termination or non-renewal of this Agreement, or of any provision of this Agreement (including without limitation this arbitration provision, the arbitrability of any issue, and the jurisdiction of the arbitrator), or arising out of or in connection with any claimed duty, right, or remedy (whether arising under this Agreement or any statute, regulation, ordinance, or other rule of law or otherwise) relating to any of the foregoing, shall be solely and finally settled by arbitration in Minneapolis, Minnesota, in accordance with the United States Arbitration Act (9 U.S.C. § 1 et. seq.), and the rules of the American Arbitration Association relating to commercial arbitration.
> * * *

[Motion, Exhibit A, p.17].

On December 21, 2006, Plaintiff notified Defendant it was terminating the Dealer Agreement as to snowmobiles. Plaintiff also sought repurchase of its snowmobiles and parts inventory pursuant to the Michigan Motor Vehicle Dealer Act ("MVDA"), MCL § 445.1561, et seq. The MVDA requires a manufacturer or distributor to repurchase motor vehicle inventory upon termination or cancellation of a dealer agreement. The parties dispute whether snowmobiles are within the scope of "motor vehicle inventory" as used in the MVDA.

On August 28, 2007, Plaintiff filed an action in St. Clair County Circuit Court against Defendant seeking only a declaratory judgment that the MVDA is applicable to snowmobiles and snowmobile dealers. On September 28, 2007, Defendant removed the action to this Court. Defendant filed the instant Motion to compel arbitration on October 5, 2007. Plaintiff filed a Motion for remand on October 12, 2007, arguing that it is more appropriate for Michigan courts to address this issue of first impression. Plaintiff also opposes Defendant's Motion to compel arbitration, contending that its request for a declaratory judgment does not fall within the scope of the arbitration clause.

## II.  STANDARD OF REVIEW

"Under the Federal Arbitration Act, 9 U.S.C. § 2, ("FAA"), a written agreement to

arbitrate disputes which arises out of a contract involving transactions in interstate commerce 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). "The FAA was designed to override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with a speedier and less costly alternative to litigation." *Id.* "When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue." *Id.* "Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration." *Id.* "Likewise, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Id.* The first task of a court asked to stay proceedings and compel arbitration is to determine whether the parties agreed to arbitrate. *Id.* The second task is to determine the scope of the agreement. *Id.*

### III. ANALYSIS

#### A. Motion to Remand

Plaintiff argues that the issue of whether the MVDA extends to snowmobiles and snowmobile dealers should be left to a Michigan court. Plaintiff asks the Court to exercise its discretion and remand the action to state court.

It is not necessary to decide whether this Court should remand this matter to state court. Before a decision is made on the merits of this case, the issue of whether the matter must be arbitrated under the Dealer Agreement must be resolved. As discussed below, this case should be arbitrated pursuant to the unambiguous terms of the Dealer Agreement. Accordingly, Plaintiff's Motion to Remand is denied.

### B. Motion to Compel Arbitration

Defendant argues that under the terms of the Dealer Agreement, this issue must be sent to arbitration. Plaintiff disagrees and argues first, that Plaintiff's request for declaratory judgment is outside the scope of the parties' arbitration agreement; and second, that arbitration should be stayed until the declaratory action is determined.

#### 1. Is Plaintiff's claim outside the scope of the arbitration clause?

Plaintiff contends that it only seeks a declaratory action regarding the interpretation of a Michigan statute. Plaintiff argues that since it does not seek "an interpretation of its contractual rights, duties or obligations with the Defendant" or "a determination that a breach of said rights, duties or obligations has occurred," the action is outside the scope of the arbitration agreement. [Response, p.4].

If Plaintiff's argument is accepted, this Court must dismiss Plaintiff's claim as moot. Article III of the Constitution vests federal courts with the jurisdiction to hear actual cases and controversies. U.S. Const. art. III, § 2. "Under the 'case or controversy' requirement, [courts] lack authority to issue a decision that does not affect the rights of the litigants." *Coalition for Government Procurement v. Federal Prison Industries, Inc.*, 365 F.3d 435, 458 (6th Cir. 2004)(citation omitted). The court has a continuing obligation to inquire whether there is a present controversy as to which effective relief can be granted. *Id.* "The test for mootness is whether relief sought would, if granted, make a difference to the legal interests of the parties." *Id.* (citation omitted). "The mootness question therefore turns on whether this court can award [the plaintiff] any effectual relief." *Id.* (citing *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992)).

The relief requested by Plaintiff is a declaratory judgment that snowmobiles and snowmobile dealers are subject to the MVDA. Requests for declaratory judgment "often require courts to face the difficult task of distinguishing between actual controversies and attempts to obtain advisory opinions on the basis of hypothetical controversies." *Coalition*, 365 F.3d at 458. Further, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, does not give courts jurisdiction to act unless there is an actual case or controversy. *Id.* at 458-459. Thus, when considering potential mootness of a claim for declaratory relief, "the question is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (citation omitted).

Plaintiff's claim is not moot. There is an actual controversy between the parties - Plaintiff terminated the dealer agreement and now wants Defendant to repurchase inventory pursuant to the MVDA. Defendant disputes that the MVDA applies to snowmobiles. A declaratory judgment on the issue would provide effectual relief because it would either require Defendant to repurchase the inventory, or would dispose of Plaintiff's claim under the MVDA. Because Plaintiff's claim arises under a statute allegedly relating to the termination of the Dealer Agreement, the claim is within the scope of the arbitration clause.[1] [Motion, Exhibit A, p.17].

**2.      Should arbitration be stayed until the legal issue is decided?**

Plaintiff argues, that if this court finds that its claim is within the scope of the arbitration

---

[1] Plaintiff also argues that it did not waive its right to have a judge declare applications of Michigan law. Plaintiff states that "[t]he arbitrator's job under this agreement is not to declare law...[i]t is to apply the law decided by judges and legislatures to the facts of a given case." [Response, p.6]. However, Plaintiff does not direct the court to any provision in the arbitration agreement so limiting the arbitrator's authority.

5

clause, the court should nonetheless stay arbitration. Plaintiff alleges "Federal Courts have determined that arbitration proceedings may be stayed until certain preliminary legal questions are resolved." [Response, p.7]. In this case, Plaintiff argues that because the question of whether snowmobiles are covered under the MVDA is an issue of first impression, compelling arbitration would require an arbitrator to "simply guess at Michigan law." [Response, p.8]. Plaintiff contends an arbitrator's guess "cannot substantially protect either Plaintiff or Defendant's substantive rights." *Id.*

To support its argument, Plaintiff directs the court to two cases. First, Plaintiff cites an unpublished case from the Eastern District of Pennsylvania, *In the Matter of Penn Central Transportation Company*, 1986 WL 11780 (E.D.Pa. 1986). Plaintiff argues that the court stayed arbitration while it reviewed the legislative intent of the Regional Rail Reorganization Act, 45 U.S.C. § 719. The *Penn Central* court does not address why arbitration was stayed, thus, the case is of little value in this matter. Further, in *Penn Central*, the court was deciding whether funds paid by the government as part of a financial assistance program had to be repaid. The financial assistance program involved four contracts between the parties, two of which contained arbitration provisions, two of which did not. The court likely stayed arbitration because there was one issue germane to all four contracts, and it made little sense to send two of them to arbitration.

The second case relied on by Plaintiff is *McMullen v. Meijer, Inc.*, 355 F.3d 485 (6th Cir. 2004). Plaintiff cites the following:

> Even if this Court found no contractual defenses to the enforcement of the [arbitration agreement], Plaintiff's substantive rights are affected by the agreement. Courts have recognized that, although arbitration agreements are generally favored, they will not be enforced if they affect an individual's

6

>substantive rights. Where an individual is unable to vindicate his or her rights
>because of an obstacle erected by an arbitration agreement, the court may not
>enforce that arbitration agreement.

[Response, p.8](citing *McMullen*, 355 F.3d at 491 (citations omitted)). *McMullen* is inapplicable to the instant case. In *McMullen*, the court held that "the arbitral forum must provide litigants with an effective substitute for the judicial forum." *Id.* at 492 (internal quote citing *Gilmer v. Interstate/Johnson Lane Corporation*, 500 U.S. 20 (1991)). The *McMullen* court held an arbitration clause unenforceable where one party had unilateral control over the pool of arbitrators. The court found that such a condition prevented the arbitration clause from being an effective substitute for a judicial forum because it inherently lacked neutrality. *Id.* at 494. Plaintiff fails to demonstrate how the arbitral forum is not an effective substitute for a judicial forum in this case. Plaintiff does not allege that it will not be able to vindicate its rights because of an obstacle erected by the arbitration agreement. Plaintiff merely argues that it believes the arbitrator will have to "guess" at Michigan law. Nothing presented by Plaintiff supports its argument that an arbitrator cannot handle novel issues of law.

Accordingly, despite Plaintiff's attempts to avoid it, the arbitration provision in the Dealer Agreement is enforceable. Further, because retaining jurisdiction and staying the action pending arbitration would serve no meaningful purpose, as the sole claim must be arbitrated, Plaintiff's claim is dismissed. See *Berger v. Sandlian Management*, 2007 WL 2323382 *4 (S.D.Ohio 2007)(quoting *Alford v. Dean Witter Reynold, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to compel arbitration

7

and stay or dismiss the action; and **DENIES** Plaintiff's Motion for remand.  Plaintiff's action is

**DISMISSED**.

    **IT IS SO ORDERED.**

        **S/Sean F. Cox**
        **Sean F. Cox**
        **United States District Judge**

**Dated:  December 18, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on December 18, 2007, by electronic and/or ordinary mail.**

        **S/Jennifer Hernandez**
        **Case Manager**